NOT FOR PUBLICATION                                                                        CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BROOKE DELEON, | : |
| Plaintiff, | : |
| v. | : OPINION |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF<br>SOCIAL SECURITY, | : Civ. Action No.02-4795 (WHW) |
| Defendant. | : |

**Walls, District Judge**

Plaintiff Brooke Deleon ("Plaintiff") seeks review of a determination of the Commissioner of Social Security (hereinafter the Commissioner) denying her request for a hearing for Disability Insurance Benefits and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. 405(g) and 1382. This court affirms the Administrative Law Judge's ("ALJ") decision.

## BACKGROUND

**A. Procedural History**

Plaintiff was receiving SSI since 1995 (T18, 88-90). On April 1, 1999, the Social Security Administration ("SSA") sent notice of a reconsidered determination to the claimant stating "any request for a hearing because of disagreement with the determination must be filed within 60 days of the date of the notice of determination was received" (T9). On May 22, 2001, the ALJ dismissed Plaintiff's request for hearing because the claimant failed to file the request within the specified time and the time would not be extended for lack of good cause (T121).

1

**NOT FOR PUBLICATION**                                                                                                  **CLOSED**

Claimant petitioned the Appeals Council, which vacated the ALJ's order of dismissal and remanded the case for further proceedings (T126). The Appeals Council further noted that the ALJ must provide substantial evidence for his finding that there was not good cause for the late filing. Id. Additionally, the ALJ was ordered to offer the claimant an opportunity for a hearing (T127). The hearing was held January 31, 2002, and on February 13, 2002, the ALJ dismissed the request for hearing on the merits because no good cause was found to extend the time filing due to the claimant's lack of credibility (T9-10). Plaintiff petitioned the Appeals Council again, which denied her request for additional review on August 1, 2002 (T3). Plaintiff then filed this action with the District Court.

**B.  Statement of Facts**

Plaintiff, is twelve years old and had been receiving SSI approximately four years, starting in 1995 (T18, 88-90). On April 1, 1999, the claimant was sent notice of a reconsideration determination of Plaintiff's SSI benefits status (T9). The notice also stated that a request for a hearing must be filed within 60 days after the date the claimant received notice of the determination (T9). Plaintiff claims to have not received this notice (T10). Thereafter, Plaintiff requested a hearing before an ALJ on July 16, 1999 (T22-23). On May 22, 2001, the ALJ dismissed this request finding that there was no good cause to extend the time for filing appeal, but did not provide his basis on substantial evidence; this decision was later remanded by the Appeals Council ordering the same ALJ to obtain an explanation for why the request for review was not timely filed (T126-127). A hearing commenced on January 31, 2002 where Plaintiff's mother testified on behalf of Plaintiff (T9). The request to extend the time for filing was again denied by the ALJ on February 13, 2002, for lack of good cause (T10). In this dismissal, the ALJ noted that the key factor for lack of good cause was due to the Plaintiff's

**NOT FOR PUBLICATION**                                                                **CLOSED**

credibility. Id. The Plaintiff petitioned to the Appeals Council again and this request for review was denied on August 1, 2002. The Plaintiff then filed the action with this District Court.

## DISCUSSION

**A. Jurisdiction**

This Court has jurisdiction to review the Commissioner's ruling under 42 U.S.C. § 405(g). A key issue in this case is whether this Court has jurisdiction to review the Appeals Council's decision not to consider Plaintiff's appeal, which was filed forty days late. As stated in Bacon v. Sullivan, 969 F.2d 1517, 1519 (3rd Cir. 1992), a decision of the Appeals Council not to consider an untimely request for review is not a "final decision" subject to judicial review under 42 U.S.C. § 405. However, because Plaintiff raises a constitutional claim, according to Califano v. Sanders, 430 U.S. 99 (1997), a constitutional claim is sufficient to confer jurisdiction on this Court to review the decision. That said, this Court has jurisdiction to review the Appeals Council's decision not to review the ALJ's decision.

"Federal courts are not courts of general jurisdiction; they have only power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant to that Article." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986). Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), as incorporated to SSI matters by section 1631(c)(3), 42 U.S.C. § 1381(c)(3), authorize judicial review in cases arising under Title XVI of the Social Security Act. These provisions make it clear that they alone are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

**NOT FOR PUBLICATION**                                                                **CLOSED**

credibility. Id. The Plaintiff petitioned to the Appeals Council again and this request for review was denied on August 1, 2002. The Plaintiff then filed the action with this District Court.

## DISCUSSION

**A. Jurisdiction**

This Court has jurisdiction to review the Commissioner's ruling under 42 U.S.C. § 405(g). A key issue in this case is whether this Court has jurisdiction to review the Appeals Council's decision not to consider Plaintiff's appeal, which was filed forty days late. As stated in Bacon v. Sullivan, 969 F.2d 1517, 1519 (3rd Cir. 1992), a decision of the Appeals Council not to consider an untimely request for review is not a "final decision" subject to judicial review under 42 U.S.C. § 405. However, because Plaintiff raises a constitutional claim, according to Califano v. Sanders, 430 U.S. 99 (1997), a constitutional claim is sufficient to confer jurisdiction on this Court to review the decision. That said, this Court has jurisdiction to review the Appeals Council's decision not to review the ALJ's decision.

"Federal courts are not courts of general jurisdiction; they have only power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant to that Article." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986). Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), as incorporated to SSI matters by section 1631(c)(3), 42 U.S.C. § 1381(c)(3), authorize judicial review in cases arising under Title XVI of the Social Security Act. These provisions make it clear that they alone are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

**NOT FOR PUBLICATION**                                                                 CLOSED

Further, section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Thus, these provisions state that in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g).  Furthermore, the statute requires that before obtaining review, there must be a final decision by the Commissioner of Social Security.  42 U.S.C. § 405(g).  Without a final decision, there is no judicial review.

However, as noted in Califano, jurisdiction can be conferred upon the district court when the Plaintiff is seeking resolution of a constitutional question or claim.  430 U.S. at 109. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such question." Id. The Califano court held that judicial review was proper where the Secretary's decision to deny or discontinue social security benefits is challenged on constitutional grounds regardless if there is a prior administrative hearing.  Penner v. Schweiker, 701 F.2d 256, 260 (3rd Cir. 1983).

Although this Court's lack of jurisdiction is subject to the constitutional claim exception, this claim must be a "colorable constitutional claim."  Bacon v. Sullivan, 969 F. 2d 1517, 1521 (3rd Cir. 1992).  "A constitutional claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or…wholly insubstantial or frivolous.'" Banks v. Chater, 949 F. Supp 264, 267 (D.N.J. 1996).  "The mere allegation of a due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." Id.

**NOT FOR PUBLICATION**                                                                                                **CLOSED**

In the instant case, Plaintiff's brief solely argues a constitutional issue. Her main argument is that the ALJ deprived her of due process rights by dismissing her case without any substantial evidence. Because this is a constitutional claim, this is a question to be properly addressed by the court. This Court will review the Appeals Council's decision not to remand the ALJ's decision.

**B. Standard for the Commissioner's Determination of Credibility**

An ALJ has the authority to determine whether a claimant's testimony is credible. LaCorte v. Bowen, 678 F. Supp. 80 (D.N.J. 1988); Brown v. Schweiker, 562 F. Supp. 284 (E.D. Pa. 1983). When a claimant's credibility is found to be unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F. 3d 947, 958 (9th Cir. 2002). In this regard, the ALJ may consider, among other factors, inconsistencies between the claimant's testimony and the claimant's daily activities and conduct. Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). "The ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable." Atlantic Limousine, Inc. v. NLRD, 243 F.3d 711, 718-19 (3d Cir. 2001)(quoting NLRB v. Lee Hotel Corp., 13 F.3d 1347, 1351 (9th Cir. 1994)). That said, "if the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas, 278 F.3d at 959.

## ANALYSIS

**A. Due Process Analysis**

The claimant's constitutional claim states that there was no notice. Due process requires notice and the opportunity to be heard before to taking a property interest. Mathews v. Eldridge, 424 U.S. 319, 332, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1975). However, Mathews also concludes

5

**NOT FOR PUBLICATION**                                                                 **CLOSED**

that "an evidentiary hearing is not required prior to the termination of disability benefits and that the present administrative procedures fully comport with due process." Id. at 349. "It would be unreasonable, and perhaps unconstitutional to bar a claimant's right of appeal, without a hearing, based on a government agency's allegation that it mailed a determination, the receipt of which is denied by the addressee." Banks v. Chater, 949 F. Supp. 264, 268 (D.N.J. 1996). However, this is where the problem lies. The question is whether the claimant received the notice. The ALJ has concluded that the Plaintiff's testimony is not believable with regard to this issue (T9-10). Using the standard for the Commissioner's determination of credibility, as long as the ALJ's credibility determination is supported by substantial evidence, the district court must not second guess that determination. Thomas, 278 F.3d at 959.

**B.   This Court Has Determined that the ALJ's Decision Was Supported by Substantial Evidence**

The ALJ did not find credible Plaintiff's story that she had received all Agency notices and checks except the reconsideration determination denial notice sent on April 1, 1999 notice (T9-10). The ALJ noted that the mother's primary problem was one of credibility (T10). Further, the ALJ states that the circumstances surrounding this case strains credibility that the claimant got all of her other mail except this one important timely appeal. Id.

While this Court has jurisdiction over this matter because of the claimant's constitutional claim, whether Plaintiff was denied her due process rights is not the ultimate issue here. Rather, this case turns on the ALJ's credibility determination. The ALJ dismissed the case because he found the Plaintiff's mother's testimony that she did not receive the notice unbelievable (T10). The standard for review of ALJ credibility determinations is quite clear. The ALJ explains exactly why he believes that Plaintiff's credibility is questionable. There is no evidence that the

**NOT FOR PUBLICATION**                                                                                               **CLOSED**

ALJ's credibility determination was itself incredible or unreasonable. That said, because the ALJ's credibility determination is supported by substantial evidence, this Court cannot second-guess this determination. This claim for denial of due process rights is dismissed because the determination of the ALJ is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed.

                                              **s/William H. Walls**
                                              United States District Judge

**NOT FOR PUBLICATION**                                                                                          **CLOSED**

**Appearances**

Langton & Alter
Abraham S. Alter
P.O. Box 1798
2096 St. Georges Avenue
Rahway, NJ 07065

Anthony J. LaBruna, Jr.
Assistant United States Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

Barbara L. Spivak
Chief Counsel, Region II
Dennis J. Canning
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration